**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 4 - 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

TRUSTEES of the LOCAL 813 PENSION TRUST
FUND, the LOCAL 813 INSURANCE TRUST FUND,
and the LOCAL 813 AND LOCAL 1034
SEVERANCE AND RETIREMENT TRUST FUND,

                     Plaintiffs,

          - against -

CANAL CARTING, INC., CANAL SANITATION,
INC., VNF REALTY CORP., CANAL RESOURCES,
FRANK CAMPO, AND NICHOLAS INFANTINO,

                     Defendants.

-------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-0060 (CBA) (RLM)

AMON, Chief United States District Judge.

On January 5, 2012, the plaintiff-trustees of the Local 813 Pension Trust Fund (the

"Pension Fund"), Local 813 Insurance Trust Fund (the "Insurance Fund"), and Local 813 and

Local 1034 Severance and Retirement Trust Fund (the "Severance Fund") (collectively,

"plaintiffs"), commenced this action against the entities Canal Carting, Inc. ("Carting"), Canal

Sanitation, Inc. ("Sanitation"), VNF Realty Corp. ("VNF"), Canal Resources ("Resources"), and

the owners of those entities, Frank Campo ("Campo") and Nicholas Infantino ("Infantino")

(collectively, "defendants"). Plaintiffs allege that by failing to pay contributions owed under two

collective bargaining agreements, Carting violated the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. § 1145 as well as the Labor-Management Relations Act of

1947 ("LMRA"), 29 U.S.C. § 185. Defendants failed to answer the complaint or otherwise

appear for this action, and on June 8, 2012, the Clerk of Court entered a Certificate of Default for

all defendants, except Campo.[1] (DE #12.) On June 29, 2012, Plaintiffs moved for the entry of

default judgment against all defendants except Campo. (DE #15.) The Court referred the matter

---

[1] Plaintiffs abandoned their efforts to obtain a judgment against Campo.

to Magistrate Judge Roanne L. Mann, who issued a Report and Recommendation ("R&R") on July 3, 2013, recommending that the Court grant plaintiffs' motion for default judgment, in part. The R&R recommended the court award plaintiffs damages for: (1) delinquent contributions and attorney's fees as well as costs against Carting and Sanitation, and (2) withdrawal liability from the Pension and Severance Funds against Carting, Sanitation, VNF, and Resources. (DE #20).

Neither party has objected to the R&R and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Mann's R&R as the opinion of the Court.

### Conclusion

Carting and Sanitation, jointly and severally, owe plaintiffs (1) $152,770.90 for unpaid contributions, (2) $189,863.58,[2] as of February 26, 2014, for accrued prejudgment interest on the unpaid contributions, and (3) $189,863.58 for liquidated damages in accordance with § 502(g)(2) of ERISA. Under 29 U.S.C. §§ 1381, 1391, Carting, Sanitation, VNF, and Resources are jointly and severally liable in the amount of (1) $414,344.00 for withdrawing from the Pension Fund, (2) $29,680.00 for withdrawing from the Severance Fund, (3) $98,047.03, as of March 3, 2014, for accrued prejudgment interest for withdrawing from the Pension Fund, (4) $7,023.24, as of March 3, 2014, for accrued prejudgment interest for withdrawing from the Severance Fund, as

---

[2] The R&R adopted the plaintiff's methodology for interest calculation. While the Court agrees with the plaintiff's methodology, it corrects an error in plaintiff's application, and updates the amounts owed.

well as (5) $105,070.26 for liquidated damages.[3]  Finally, Carting and Sanitation are held jointly

and severally liable for an award of reasonable attorney's fees and costs in the amount of

$2,620.00.

SO ORDERED.

Dated: Brooklyn, New York
        March 3, 2014

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[3] As the R&R correctly determined, liquidated damages are calculated as either twenty percent of the total amount of withdrawal liability or equal to the accrued interest, whichever amount is greater.  The R&R recommended twenty percent of Carting's Pension and Severance Fund withdrawal liabilities because at the time the R&R was issued it was the greater amount.  The Court now orders that liquidated damages be equal to the sum of the accrued interest which is now greater than twenty percent of the withdrawal liability.